IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMES WAYNE WATSON, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA; STEPHEN FEURSTEIN; UNITED STATES MARSHALS SERVICE; WOODWARD LAW FIRM PLLC; KURT ALME; and BRYAN DAKE, <br><br> Defendants. | CV 20-106-BLG-SPW <br> CV 20-125-BLG-SPW <br><br> ORDER |

Before the Court are Magistrate Judge Kathleen DeSoto's Findings and Recommendations regarding Plaintiff James Wayne Watson's claims under 42 U.S.C. § 1983, filed March 14, 2022. (Doc. 17). Plaintiff's mother, Deborah Watson, filed an objection to the Findings and Recommendations on March 24, 2022. (Doc. 18). For the following reasons, the Court adopts Judge DeSoto's Findings and Recommendations in full.

A party is entitled to *de novo* review of those portions of Judge DeSoto's Findings and Recommendations to which they properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify, in

1

whole or in part, those findings and recommendations properly objected to. 28 U.S.C. § 636(b)(1).

This case presents a rare question of who may represent the interests of others before a federal tribunal and when. Plaintiff James Watson originally filed this action under 42 U.S.C. § 1983 in the summer of 2020. Unfortunately, Watson passed away in March 2021. Watson's mother, Deborah Watson, then sought to procced *pro se* with the § 1983 claims on behalf of Watson's estate. On December 10, 2021, Judge DeSoto issued an order explaining that it appeared Ms. Watson could continue without counsel if she could prove that she was the sole beneficiary of Watson's estate and if the estate had no creditors. (Doc. 15 at 2-3) (citing *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 171 nn.2, 3 (3d Cir. 2018); *Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 896-97 (2d Cir. 2019)). Judge DeSoto advised that if the Court did not receive a response from Ms. Watson, the Magistrate would recommend dismissal of the action for failure to prosecute. (Doc. 15 at 4).

On January 3, 2022, Ms. Watson filed a notarized statement that she was the sole beneficiary of James Watson's estate, that she had received no notices from any creditors seeking collection, and that she wished to represent the estate in the entitled cases. (Doc. 16 at 2). Ms. Watson asked the Court to appoint counsel for her because she had been unsuccessful in securing counsel on her own. (*Id.*).

On March 14, 2022, Judge DeSoto issued the present Findings and Recommendations stating that because James Watson had at least one child, Ms. Watson had not produced adequate evidence that she is the sole beneficiary of her son's estate. (Doc. 17 at 2). Based on this, Judge DeSoto recommended that the action be dismissed for failure to prosecute under Fed. R. Civ. P. 41 but without prejudice should a duly authorized representative wish to file a new claim on behalf of the estate. (*Id.* at 3-4).

In response, Ms. Watson submitted two statements. The first is a signed and witnessed statement from Tasha Riojas, James Watson's ex-wife and mother of his child. Ms. Riojas states, "I have the understanding that I may give Deborah 'Deb' Watson, mother of James Watson, consent to represent him in court proceedings. I give consent without coercion." (Doc. 18 at 2). The second statement is a notarized letter from Stormie Cooke, James Watson's half-sibling, in which she states, "I want the court to know that I have no claim to my brothers [sic.] estate or any of his affairs. That is for my mother to handle and disperse as she sees fit." (*Id.* at 3). Ms. Watson made no other statements or arguments on behalf of herself.

Unfortunately, these statements are not enough to give Ms. Watson the authority to represent James Watsons' estate before this Court. The right to represent oneself is "personal to the litigant and does not extent to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); 28 U.S.C.

3

§ 1654. As James Watson has a child, Ms. Watson is not the sole beneficiary of the estate and has produced no evidence such as a will or other legal document naming her the sole beneficiary of the estate or personal representative of the estate. A statement from Ms. Riojas consenting to Ms. Watson representing the child's interests before the Court is not enough to legally authorize that representation. While the Court is sympathetic to Ms. Watson's efforts, the Court's hands are tied in this particular regard. Therefore, the Court adopts Judge DeSoto's Findings and Recommendations in full but without prejudice.

IT IS ORDERED that the proposed Findings and Recommendations entered by the United States Magistrate Judge (Doc. 17) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that James Watson's Complaints are DISMISSED WITHOUT PREJUDICE for failure to prosecute.

The Clerk of Court is directed to enter, by separate documents, judgments of dismissal without prejudice. The Court certifies, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith.

The Clerk of Court should serve Plaintiff Watson at his last known address of record as it is also Ms. Watson's address.

DATED this 12th day of April, 2022.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge